CARLTON,. J.,
dissenting:
¶23. I respectfully dissent and find that the trial court abused its discretion in excluding Dr. Hayne’s expert testimony as to the effect of methamphetamine on the behavior of a person who had used the drug. Dr. Hayne, Freeman’s expert, made his proffer to the trial court outside of the presence of the jury. Dr. Hayne testified that methamphetamine use can produce “psychosis, including paranoia, [and] hallucinations” in a chronic abuser. He also stated the drug can impact other “personality aspects, including reason, aggressiveness, agitation and the like.” Dr. Hayne provided that “the dosage of methamphetamine doesn’t correlate well with the symptomatology. Individuals can have *775 very high levels of methamphetamine and show some impairment. You can even be in the therapeutic ranges of [use] and it can produce death.” Dr. Hayne stated that methamphetamine users “have high rates of death by violence. They also have high rates of injury.”
¶ 24. On cross-examination, Dr. .Hayne admitted that being able to test a person’s blood levels would “certainly point you in the right direction” on determining how methamphetamine affected that individual. However, Dr. Hayne stated that even without a blood test, “you could reasonably come to some conclusion” about how the drug affected an individual: Dr. Hayne testified that “being on the drug and then looking at any behavior that was observed, you could either support that as being contributed to by methamphetamine or exclude that behavior.”
¶ 25. The record reflects that Freeman established that Ramsey’s toxicology report reflected that he tested positive for amphetamine and' methamphetamine. As stated, Dr. Hayne’s proffer provided that the dosage did not correlate well with the symptomatology and thereby established that the lack of a known quantity of the drug was not critical to testimony as to effect of the methamphetamine in a person using the drug.
¶ 26. Freeman testified that he shot Ramsey in self-defense after Ramsey pointed a gun at him, and Freeman described Ramsey as wild-eyed and agitated. Freeman' testified that he had observed Ramsey under the influence of methamphetamine in the past and that Ramsey was wild-eyed and short-tempered.
¶ 27. The record reflects that Freeman established that the victim had used methamphetamine when the incident occurred, and the record also reflects evidence that Ramsey had previously been short-tempered when using methamphetamine. The expert testimony proffered showed that methamphetamine use increases propensity for violence, regardless of the dosage. The record reflects that Freeman established the relevancy link of Ramsey’s toxicology results with his theory of self-defense in an effort to show Ramsey as the initial aggressor.[2] See Byrd v. State, 154 Miss. 742, 749, 123 So. 867, 869 (1929) (holding that alcohol intoxication of the victim may be relevant in a claim of self-defense when the testimony has shown that the victim had a reputation for violence); M.R.E. 401 (defining relevant evidence). The exclusion of this defense evidence implicates Freeman’s Sixth Amendment right to confrontation. Furthermore, this relevant evidence was necessary for Freeman’s theory of self-defense. Therefore, I respectfully submit that it was an abuse of discretion for the trial court to exclude this evidence from the jury’s consideration of the case.

. But see Rouster v. State, 981 So.2d 314, 318 (¶ 12) (Miss.Ct.App.2007) (no evidence in the record showed or linked violent behavior with smoking marijuana, and the court ruled the evidence that the victims were smoking marijuana was therefore irrelevant).